IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN F. SAUNDERS, | § | |
| *Plaintiff,* | § § § | SA-23-CV-00156-XR |
| vs. | § § | |
| HOUSTON FOAM PLASTICS, | § § § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1] and Motion to Appoint Counsel [#2]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, and order Plaintiff to file a more definite statement before ordering service on Defendant.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

income and asset information, which indicates that Plaintiff is employed but does not have sufficient monthly resources available to pay the filing fee. The Court will therefore grant Plaintiff's Motion to Proceed IFP. Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names one Defendant, Plaintiff's former employer, Houston Foam Plastic. Plaintiff's form Civil Rights Complaint asserts causes of action under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). Plaintiff alleges he was the victim of race, religion, age, and disability discrimination. Attached to Plaintiff's Complaint is a copy of his Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC), which is dated January 3, 2023. Plaintiff did not attach a copy of his Charge, and the Court is unable to discern from the Right to Sue Letter what causes of action were raised in his Charge.

Although Plaintiff's Complaint is likely timely, the Court will order Plaintiff to file a More Definite Statement regarding the substance of his claims. Plaintiff's form Complaint does

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

not contain any narrative allegations as to the factual basis of his suit. Prior to ordering service of his Complaint on Defendant, the Court will require Plaintiff to supplement his pleadings with allegations describing the basis of this suit. The Court will also order Plaintiff to submit with his More Definite Statement a copy of his Charge of Discrimination so the Court can evaluate whether Plaintiff properly exhausted his administrative remedies.

### III. Appointment of Counsel

Plaintiff has requested Court-appointed counsel. Courts may appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings. Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted). The Court is only required to appoint counsel, such that the denial of counsel constitutes an abuse of discretion, where the case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

In evaluating whether a case involves "exceptional circumstances," a court should consider the following factors: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to investigate adequately the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be a service to the plaintiff and, perhaps, the Court and defendant as well, by sharpening the issues in the case, shaping the examination of

witnesses, and thus shortening the trial and assisting in a just determination. *Id.* at 213 (citations omitted).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e) at this stage in the proceedings. Although Plaintiff lacks the financial resources to retain private counsel, Plaintiff's pleadings indicate that he has the ability to articulate the basis of and present the facts pertinent to his claims. Accordingly, the Court will deny Plaintiff's request for counsel at this stage of the proceedings. This denial is without prejudice to Plaintiff renewing his request at a later stage of this lawsuit.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [#2] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. <u>Service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **March 16, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims. *See* Fed. R. Civ. P. 8(a)(2). In this More Definite Statement, Plaintiff should include the following information:

- Your Complaint references discrimination based on your race, religion, age, and disability. What discriminatory actions were taken against you? Please describe any facts related to this discrimination and why you believe your treatment was due to such discrimination. Identify all individuals involved in these allegedly discriminatory incidents and clarify the approximate dates that the incidents occurred.

- Please attach to your More Definite Statement a copy of your Charge of Discrimination filed with the EEOC.

Plaintiff shall include the following declaration at the end of his more definite statement:

---

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____2023.

_____
Signature of Plaintiff

---

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

**IT IS SO ORDERED.**

SIGNED this 23rd day of February, 2023.

                                              ELIZABETH S. ("BETSY") CHESTNEY
                                              UNITED STATES MAGISTRATE JUDGE